**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY TRUNDLE, | No. 11-15281 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-02058-JLT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Submitted May 15, 2012[**]
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Larry Trundle appeals the district court's judgment affirming the

Commissioner's denial of Trundle's application for social security benefits.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] Upon the parties' mutual agreement, this case was submitted for decision without oral argument. *See* Fed. R. App. P. 34(f).

Trundle alleges disability due to back pain. At Step Five, the Administrative Law Judge ("ALJ") found Trundle could perform jobs that exist in significant numbers in the national economy. On appeal, Trundle makes two core arguments: 1) the ALJ improperly rejected the opinion of Trundle's examining physician, Dr. Berrien; and 2) substantial evidence does not support the ALJ's Step Five decision because the ALJ improperly relied on testimony of past work that was more than 15 years old and the ALJ used the medium medical-vocational rules as a framework. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The ALJ provided "specific, legitimate reasons" supported by "substantial evidence," *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation and internal quotation marks omitted), for her decision to credit Dr. Madireddi over Dr. Berrien. Based on the totality of the evidence in the record, "[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Both doctors examined Trundle only once. Dr. Berrien's examination, however, occurred more than seven years before Trundle filed the Social Security claim at issue here, and was based on unreliable subjective complaints voiced by Trundle. In addition, Dr. Berrien was an examining physician, not a treating physician, and his findings were contradicted by Dr. Madireddi's more recent and more reliable

-2-

findings. The decision to credit Dr. Madireddi over Dr. Berrien was therefore supported by substantial evidence.

Substantial evidence also supports the ALJ's Step Five decision. Trundle is not limited to light work; rather, he is limited to medium work with a slight reduction in the total amount of lifting. Although the ALJ referred to Trundle's past work experience as a truck driver, the record is unclear as to whether that past work experience was more than fifteen years old. Assuming, without deciding, that the ALJ erred in referring to Trundle's past work experience, the error was harmless because the ALJ twice acknowledged in her opinion that Trundle's prior work experience was not relevant. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (finding error harmless where it did not negate the validity of the ALJ's ultimate conclusion). Further, the regulation does not preclude considering past work experience older than fifteen years. 20 C.F.R. § 404.1565(a). Rather, fifteen years is the time frame that the agency "usually consider[s]." *Id.* The regulation also states that where an applicant has "acquired skills through your past work, we consider you to have these work skills unless you cannot use them in other skilled or semi-skilled work that you can now do." *Id.* Driving is a skill unlikely to be entirely lost with the passage of time, and Trundle testified that he still drives. Additionally, the ALJ properly posed hypothetical

questions to the Vocational Expert and properly based those questions on the medical findings of Dr. Madireddi. *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (describing the role of a Vocational Expert in a Social Security hearing).

Finally, the Vocational Expert properly accounted for Trundle's lifting capacity being slightly below the normal cut-off for "medium" and accordingly discounted the number of jobs available.

Trundle's motion to take judicial notice is denied.

**AFFIRMED.**